IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAROLD F. ROSALES | § | |
| | § | |
| VS. | § | CIVIL ACTION NOS. 4:16cv530 |
| | § | *Consolidated with* 4:17cv130 |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed objections.

Petitioner first argues that the Magistrate Judge only addressed ten of his eleven claims. However, because Petitioner's second and third claim are identical (Dkt. # 17, pp. 6-8) they were appropriately analyzed together.

Petitioner next objects to the Magistrate Judge addressing claims one and four together. However, both claims attack the sufficiency of the evidence. Petitioner argues that he raised a no evidence challenge, and not a sufficiency of the evidence challenge. Although an applicant may allege a "no evidence" claim on collateral attack under Texas law, he may not raise a claim of insufficient evidence. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App.1986). Unless the record is "totally devoid of evidentiary support," the Court of Criminal Appeals construes "no evidence" claims as insufficiency-of-the evidence claims. *Id*. at 679–80. In the instant case, the record reflects that there was adequate testimony, and the record was not devoid of evidentiary support.

Petitioner objects to the order in which the Magistrate Judge addressed his claims. This

1

objection does not address the substance of the Magistrate Judge's analysis, and lacks merit.

Petitioner objects to the Magistrate Judge's failure to find that his trial counsel was ineffective. However, Petitioner has not shown either deficient performance or prejudice. Petitioner also objects to the Magistrate Judge's failure to find that appellate counsel was ineffective. First, the Magistrate Judge correctly concluded that Petitioner failed to show that any issue had arguable merit. Furthermore, Petitioner has not shown a reasonable probability that, but for appellate counsel's unreasonable failure to raise these issues, he would have prevailed on his appeal.

Petitioner objects to the Magistrate Judge's reliance upon the state habeas court's findings. He claims that the state habeas corpus court's disposition "makes absolutely no sense." (Dkt. # 59, p. 24). However, as noted in the Report and Recommendation, the provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) was contrary to federal law then clearly established in the holdings of the Supreme Court; (2) involved an unreasonable application of clearly established Supreme Court precedent; or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002); *Renico v. Lett*, 559 U.S. 766, 773 (2010). This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller–El v. Dretke*, 545 U.S. 231, 240 (2005). Petitioner has failed to meet his burden on this claim.

In the rest of his objections, Petitioner merely reurges arguments he has previously made.

Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Thus, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Certificates of appealability are **DENIED.**

**SIGNED this 19th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE